**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FERNANDO ARVIZU DIAZ,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL ACTION NO.: 5:16-cv-81

(Case No. 5:08-cr-7)

## <u>ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Fernando Arvizu Diaz, ("Diaz"), who is currently incarcerated at Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** this Court **DISMISS** Diaz's Motion, **DENY** Diaz *in forma pauperis* status on appeal, and **DENY** Diaz a Certificate of Appealability.

## BACKGROUND

Diaz was convicted in this Court, after a guilty plea, of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. J., <u>United States v. Hernandez, et al.</u>, 5:08-cr-7 (S.D. Ga. May 27, 2009), ECF No. 1092. Diaz was sentenced to 160 months' imprisonment on May 27, 2009. <u>Id.</u> Diaz did not appeal his sentence. On March 2, 2015, Diaz received a sentence reduction of ten months, for a total sentence of 150 months' imprisonment. Order, <u>United States v. Hernandez, et al.</u>, 5:08-cr-7 (S.D. Ga. Mar. 2, 2015), ECF No. 1245. Diaz filed the instant Section 2255 Motion on September 8, 2016. (Doc. 1.)

**DISCUSSION**

On June 26, 2015, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). The "residual clause" of the ACCA's violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(i). In Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1265 (Apr. 18, 2016), the Supreme Court held that Johnson is a substantive decision which applies retroactively to cases on collateral review. On June 27, 2016, the Supreme Court granted certiorari in Beckles v. United States, No. 15-8544, ___ U.S. ___, 136 S. Ct. 2510 (June 27, 2016), to decide whether Johnson applies to the "crime of violence" definition within United States Sentencing Guideline § 4B1.2(a)(2), and, if so, whether it applies retroactively.

Diaz asserts that, in light of the Supreme Court's decision in Johnson, he is innocent of his sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during a drug offense. (Doc. 1, p. 2.) Diaz asserts that, because the Supreme Court struck down the language in the ACCA's residual clause as void for vagueness and that Act's language is identical to the language of the residual clause of the career offender provision in the Guidelines, his sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) should also be invalidated.[1] (Id.) Although Diaz was not sentenced under the statutory provisions of the ACCA or the career offender provision of the Sentencing Guidelines, he maintains that he is eligible for

---

[1] The Supreme Court analyzed the residual clause of the ACCA in Johnson. The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

a sentence reduction because his offense involved a firearm.  (Id.)  Diaz signed his Motion on August 9, 2016, and the Clerk filed it on September 8, 2016.  (Id. at p. 1.)

## I.  Whether Diaz's Motion is Timely Filed

To determine whether Diaz's Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Diaz was sentenced to 160 months' imprisonment on May 26, 2009, and the Court's final judgment was entered on May 27, 2009. [2]  J., United States v. Hernandez, et al., 5:08-cr-7 (S.D. Ga. May 27, 2009), ECF No. 1092.  Diaz had ten (10) days, or until June 6, 2009, to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or

---

[2]  Though Diaz received a sentence reduction on March 2, 2015, his judgment of conviction became final on May 27, 2009, his original date of conviction.  The Eleventh Circuit has held that a "sentence modification does not constitute a new judgment of conviction that restarts § 2255's statute of limitations clock."  Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011).  Moreover, even if Diaz's sentence modification on March 2, 2015 had restarted § 2255's statute of limitations clock, his Petition—filed on September 8, 2016—would have still been filed past § 2255's one-year statute of limitations.

sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Diaz did not file an appeal, he had until June 6, 2010, to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1). Diaz did not execute his Section 2255 Motion until September 8, 2016, which was more than six years after the expiration of the applicable statute of limitations period. Consequently, Diaz's Motion is untimely under § 2255(f)(1). Furthermore, Diaz fails to argue that he is entitled to equitable tolling or to the statute of limitations periods set forth in Sections 2255(f)(2) or (4).

Diaz ostensibly raises a Johnson claim, and, as noted above, in Welch, the Supreme Court made its decision in Johnson retroactive to cases on collateral review. Thus, if Diaz actually asserted a right newly recognized by the Supreme Court in Johnson, Section 2255(f)(3) could arguably allow Diaz to bring his Section 2255 Motion at that this time. However, as discussed in Section II below, Diaz does not bring a cognizable Johnson claim. Consequently, his Motion is time barred.

## II.     Whether Johnson Applies to Diaz's Motion

Diaz argues that he is entitled to a sentence reduction pursuant to the Supreme Court's decision in Johnson. However, Diaz was not sentenced under the statutory provisions of the ACCA. Moreover, he did not receive a career offender enhancement under Section 4B1.2(a)(2) of the Sentencing Guidelines. Indeed, Diaz did not receive any enhancement based on language similar to the ACCA's "residual clause" that might make Johnson applicable to his claim. Rather, Diaz was convicted and sentenced under 21 U.S.C. § 846, which contains no "residual clause" whatsoever, unlike Section 924(e), as determined in Johnson. Because Diaz was not sentenced under the ACCA or a statute or guideline containing language similar to the "residual clause", Johnson does not apply to his Guidelines' enhancement under U.S.S.G. § 2D1.1(b)(1).

See Heard v. United States, No. 8:16-cv-1475-T-30AAS, 8:12-cr-52-T-30AAS, 2016 WL 3219718, at *2 (M.D. Fla. June 10, 2016).

Thus, the retroactivity exception to the statute of limitations in Section 2255(f)(3) is not applicable, and Diaz's Motion, filed well over a year after his conviction became final, is untimely and without merit.

For these reasons, I **RECOMMEND** the Court **DISMISS** Diaz's Section 2255 Motion as being untimely filed.

## III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Diaz leave to appeal *in forma pauperis*. Though Diaz has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Diaz's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Diaz a Certificate of Appealability, Diaz is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** this Court **DISMISS** Diaz's Motion, **DIRECT** the Clerk of Court to **CLOSE** this case, **DENY** Diaz *in forma pauperis* status on appeal, and **DENY** Diaz a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Diaz and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA